THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREA WOLBER,

    Plaintiff,

v.

KITSAP MENTAL HEALTH SERVICES, a Washington Corporation, and ENDRE VOROS and MRS. 'JANE DOE' VOROS and their marital community,

    Defendants.

No. CV04-5751 RBL

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

    THIS MATTER is before the Court on Plaintiffs' Motion to Compel Discovery. [Dkt. #47]. Plaintiff seeks three sets of information. First, Plaintiff requests the complete personnel files of: A) Defendant Voros; B) Ms. Wolber's supervisors; C) other clinicians; and D) other employees terminated from January 1, 2000 to present. Second, Plaintiff seeks all instances/complaints of retaliation, harassment, or discrimination by Defendant Voros from January 1, 1994 to present and all informal and formal complaints of retaliation by Defendant Kitsap Mental Health Services (KMHS) from January 1, 2000 to present. Finally, Plaintiff seeks the names and contact information of all non-speaking agent employees from January 1, 2000 to present. Defendants request the Court deny the Motion to Compel subject to the Plaintiff proposing an order limiting the scope of the requested access.

    Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Although many cases have held that personnel files of similarly situated individuals may contain highly relevant information, this information is subject to privacy

concerns and may be discoverable under certain circumstances. *See Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615 (S.D.Ind. 2002); *EEOC v. Staffing Network*, 2002 WL 31473840 (N.D.Ill. 2002); *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991); *Knoll v. Amerian Telephone & Telegraph Co.*, 176 F.3d 359, 365 (6th Cir. 1999) (noting that personnel files might contain "highly personal information" and other work-related problems unrelated to plaintiff's claim); *Atkinson v. Denton Publishing Company*, 84 F.3d 144 (5th Cir. 1996) (holding that where there was a lack of any nexus between plaintiff's complaint and the employees whose personnel files were requested the District Court did not abuse its discretion in denying plaintiff's motion to compel).

Plaintiff alleges that production that was given by Defendants is wholly incomplete. [Dkt. #47]. One reason for this "incomplete" production is that the Court in the Defendant's prior Motion for a Protective Order specified that Plaintiff was not entitled to un-redacted copies of personnel files. [Dkt. #41]. This Court stated, "Plaintiff has not made any showing that the records that Defendant seeks to produce in a redacted form will preclude her from discovering admissible evidence in support or her claims (or in response to Defendants' defenses)." [Dkt. #41, 3:2-5]. Despite colorful adjectives and warnings of dire consequences, this remains true for many of the requests in Plaintiff's Motion to Compel today. [Dkt. #47 & #53].

Although Plaintiff should have access to the files of similarly situated individuals, a proper balance needs to be struck in an employment discrimination case between plaintiff's need to discover information about co-workers and defendants' privacy rights in their employment files. *Ragge v. MCA/Universal*, 165 F.R.D. 601, 604 (1995). Plaintiff is entitled to personnel files, subject to the February 24, 2006 Protective Order, of all employees supervised by Amy Matheson and Endre Voros and employees that held the same job classification as the plaintiff.[1] The redacted personnel files of Defendant Voros and Plaintiff's supervisors have already been produced; Plaintiff has still not made a showing that this is insufficient. [Dkt. #52, Kennedy Decl.]. Taking this into account, Plaintiff also seeks all instances/complaints of retaliation, discrimination and harassment by Defendant Voros. The Court agrees that this type of information is

---

[1] In response to the Plaintiff's Reply [Dkt. #53], "same job classification" shall include any employee that is a comparator. This includes employees with the same job title, Treatment Coordinator, and any other employee that is or was similarly situated and provided the same function at KMHS. This will include similarly situated employees that were terminated from January 1, 2000 to present, in order for the Plaintiff to understand the procedures and policies Defendant KMHS follows when terminating employees.

directly at issue in this case. [Dkt. #47, Plaintiff Motion, 11]. However, this discovery should be limited to acts concerning disability discrimination and retaliation, the alleged discriminatory acts in this case. Defendant KMHS shall produce all informal and formal complaints of retaliation against KMHS from January 1, 2000 to present.

     Plaintiff references Exhibit F produced by Defendants and specifies six other employees who had the same or greater number of total items past-due as compared to Plaintiff, and requests their personnel files. Defendants have already agreed to supplement their initial responses to requests for production with the personnel files of Charlotte Anibas. [Dkt. #52: Decl. Kennedy]. Plaintiff should have access to the other personnel files referenced above, with confidential and irrelevant material omitted or redacted. Regarding Ms. Childress's personnel file, Defendants stated in their Response they will confirm that Plaintiff has been provided with the complete personnel file. [Dkt. # 51, 9:22-24]. Plaintiff seeks the names and contact information of all non-speaking agent employees. There are 1,207 employees that fall under this category from January 1, 2000 to present, as requested by the Plaintiff. Defendant has recognized the entitlement of the plaintiff to have *ex parte* contact with non-speaking agents. [Dkt. #51, Defendant Response, 5:14-15]. The attorney-client privilege does not in itself bar the Plaintiff's attorney from interviewing a defendant corporation's employees. *Wright v. Group Health Hospital*, 103 Wash.2d 192, 195 (1984). Rule 26(b)(1) allows a party to discover "the identity and location of persons having knowledge of discoverable matter." Fed. R. Civ. P. 26(b)(1). Plaintiff should have access to the names and contact information of all employees that could have knowledge of discoverable matter. Taking into account past definitional disputes during this discovery, this is not for the Defendant to define. Plaintiff shall have access to this contact information if she agrees to narrow these parameters to past or present employees in similar positions to the Plaintiff or Plaintiff's supervisors, or other categories of employees if Plaintiff makes a showing as to why that category could have discoverable information.

     Plaintiffs' Motion to Compel is GRANTED in part and DENIED in part. Defendant's Motion to Strike is DENIED. [Dkt #52, Kennedy Decl., ¶3]. Subject to the earlier Protective Order and to the extent Defendants have not produced the relevant documents, Defendant shall produce the personnel files of all employees supervised by Amy Mathes and Endre Voros, current and former employees that held the same job classification as the plaintiff, including the six other employees with past due items referenced in Plaintiff's Motion [Dkt. #41, 6:17-36], and Plaintiff's former supervisors who were involved in the decision

to terminate the plaintiff. Defendants shall answer Interrogatory Numbers 4, 5, and RFP G, H, & T limited to complaints or allegations, formal or informal, of disability discrimination and retaliation for the dates requested by Plaintiff (January 1, 1994 to present). Plaintiff's Motion to Compel disclosure of contact information of the Defendant's employees is DENIED subject to Plaintiff proposing an order limiting the scope of this requested access to relevant categories of employees and taking into consideration special privacy interests of employees of a mental health services entity.

. **IT IS SO ORDERED**.

DATED this 22nd day of June, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE